## SPIEGEL, MAY, STERN CO. et al. v. UNITED STATES.

Court of Claims.
February 10, 1930.
No. J-660.

Colladay, Clifford & Pettus, of Washington, D. C., for plaintiffs.

Herman J. Galloway, Asst. Atty. Gen., for the United States.

Argued before BOOTH, Chief Justice, and LITTLETON, GREEN, GRAHAM, and WILLIAMS, Judges.

WILLIAMS, Judge. This suit is brought by the plaintiff and its affiliated corporation to recover income and profits tax collected from it for the year 1920. The parties agree that, if plaintiff is correct in its contention, it is entitled to judgment for $12,418.46, representing the tax, and $561.30, representing interest.

The question involved in this suit is whether the plaintiff is entitled to have its tax determined for 1920 by the inclusion in the merchandise inventory of print paper on hand at the beginning of the year and purchased during the year at cost, or cost or market, whichever is lower. The plaintiff in the consolidated return for the taxable year deducted as an ordinary and necessary expense the entire cost of paper purchased during the year to be used in making catalogues, but the Commissioner of Internal Revenue decided and held that only the cost of the paper purchased during the year and used in printing catalogues should be allowed as a deduction from gross income as an ordinary and necessary expense, and that the cost of the paper purchased during the year which remained on hand and unused at the close of the year, amounting to $141,063.17, should be treated as a deferred expense item to be deducted in subsequent years, as the paper was used in printing catalogues. Plaintiff contends that this was error, and that the print paper was a proper inventory item, and should be included in the merchandise inventory on the basis of cost, or cost or market, whichever was the lower.

During the calendar year 1920, and for several years prior thereto, plaintiff was engaged in the business of selling merchandise, house furnishings, and wearing apparel

through mail orders. Plaintiff published catalogues and distributed them to its customers and prospective customers. These catalogues contained descriptions of merchandise offered for sale, and set out the terms upon which such merchandise could be obtained.

At the beginning of the year 1920 the market value and the cost of print paper were the same, but on December 31, 1920, the market value of paper on hand was $109,209.51, being $31,853.66 lower than cost. It is this difference upon which the plaintiff predicated its claim for judgment.

The Court is of the opinion that the Commissioner of Internal Revenue was correct in his treatment of the item of print paper in the determination of plaintiff's net income for the taxable year in question. This question has been considered several times by the United States Board of Tax Appeals and the board has consistently held that supplies of the nature of the item with which we are here concerned should not be included in the merchandise inventory, but that the cost of such supplies should be treated as a deduction from gross income, as ordinary and necessary expense, to the extent that such supplies were used during the taxable year, and that the cost of such supplies as remained on hand at the end of the taxable year should be treated as a deferred expense item. In David Baird & Son, Inc., 2 B. T. A. 901, the Board held that a taxpayer expending a large part of its profits in a particular year for supplies to be used during the following year should be required to treat the increase in its supply account remaining on hand at the end of the year as a deferred expense, deductible from the gross income of the year in which the supplies are actually used. In Burroughs Adding Machine Co., 9 B. T. A. 938, the Board again considered the question with reference to the proper treatment of factory supplies, small tool stores, and power and maintenance stores on hand and not consumed in the production processes, and, following its decision in David Baird & Son, Inc., supra, held that the Commissioner was correct in treating the cost of supplies on hand at the end of the taxable year as a deferred expense, and that the taxpayer was not entitled to include such items in its merchandise inventory. Subsequently, in Francisco Sugar Co., 14 B. T. A. 1062, the Board again considered the question whether items of various grades of oils used in the operation of grinding mills, railroads, and power plants, chemicals used in the analysis of sugar produced, and bricks, cement, window lights, iron pipes, and repair parts for the mills, railroad cars, pumps, plants, and other facilities, should be included in the merchandise inventory at cost, or cost or market, whichever is the lower. In this case the Board construed the regulations with reference to the treatment of such items, and, after considering the manner in which the supplies were used in the taxpayer's operation, reached the conclusion that the contention urged by the petitioner must fail, because the items in question were not consumed or used in productive processes, as those words are used in the regulations, and therefore were not properly to be accounted for as inventory for income tax purposes.

This Court agrees with the decisions of the Board upon this question, which are a complete answer to the question made here by the plaintiff, and shows very clearly that the Commissioner's decision in respect of the manner in which the plaintiff should treat the cost of the print paper on hand and unused at the end of year was correct.

Plaintiff is not entitled to recover. The petition must therefore be dismissed, and it is so ordered.

BOOTH, Chief Justice, and LITTLETON, GREEN, and GRAHAM, Judges, concur.